```
               UNITED STATES BANKRUPTCY COURT
                NORTHERN DISTRICT OF GEORGIA
                       ROME DIVISION
```

IN RE: DUSTIN TYLER BABB,        { CHAPTER 13
                                 {
                                 {
   DEBTOR                        { CASE NO. R23-41507-BEM
                                 {
                                 { JUDGE ELLIS-MONRO

## OBJECTION TO CONFIRMATION

COMES NOW K. EDWARD SAFIR, CHAPTER 13 TRUSTEE herein, and objects to Confirmation of the plan for the following reasons:

1. The Debtor's payments under the proposed plan are not current.

2. As unsecured creditors may receive less than in a Chapter 7 liquidation, the plan may not conform to 11 U.S.C. Section 1325(a)(4).

3. The Plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d). (107 months).

4. The Debtor has a domestic support obligation. Prior to confirmation the Debtor must provide to the Trustee evidence that all payments that have come due since the filing of the petition have been maintained. 11 U.S.C. § 1325(a)(8).

5. The payout of the claims owed to MRC and Wintrust will extend beyond sixty (60) months, contrary to 11 U.S.C. § 1322(d).

6. The Chapter 13 Plan fails to provide the estimated payment amount for the claim of Martha Kennemer, preventing the Trustee from properly administering this plan.

7. The schedules provide that Upstart-Finwise has a secured or priority claim(s); however, the Chapter 13 Plan fails to provide for said creditor(s) in violation of 11 U.S.C. § 1322.

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
deborahr@atlch13tt.com

      8.  Pursuant to information received from the Internal Revenue Service, 2022 tax returns have not been filed, in violation of 11 U.S.C. §§ 1308(a) and 1325(a)(9).

      9.  Schedule I (Income) may fail to accurately reflect new employment since original Schedules filed.  11 U.S.C. § 1325.  Specifically, Debtor testified at the 341 meeting that his new employer is Fieldturf.

      10.  Due to a change in circumstances since filing, Schedules I and J do not correctly reflect the current financial situation, thereby preventing the Trustee from evaluating feasibility, 11 U.S.C. Section 1325(a)(6).  Specifically, Debtor testified at the 341 meeting that his spouse is no longer employed and he no longer contributes $162.20 to his 401(k) account.

      WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of this Debtor's Plan and to dismiss the case; or, in the alternative, convert the case to one under Chapter 7.

                                _____/s/_____
                                Deborah A. Reece, Attorney
                                for Chapter 13 Trustee
                                GA Bar No. 283016

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
deborahr@atlch13tt.com

R23-41507-BEM

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the parties or attorneys of record. I have also on this day caused a copy of the pleading to be placed in the first-class United States mail, postage prepaid, addressed to the following recipients not participating in the CM/ECF system as follows:

DUSTIN TYLER BABB
4580 HIGHWAY 52A
CHATSWORTH, GA 30705-7718

This 7th day of December, 2023

             /s/
Deborah A. Reece, Attorney
for Chapter 13 Trustee
State Bar No. 283016

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
deborahr@atlch13tt.com